**Olivia Moses BAILEY, Plaintiff–Appellee,**

v.

**NEW ORLEANS STEAMSHIP ASSOCIA-TION/INTERNATIONAL LONG-SHOREMEN'S ASSOCIATION, AFL–CIO PENSION TRUST FUND, Defendant–Appellant.**

No. 96–30124.

United States Court of Appeals, Fifth Circuit.

Nov. 12, 1996.

Jack Edward Morris, Molaison, Price & Loeb, Metairie, LA, for Plaintiff–Appellee.

G. Edward Merritt, Cynthia Anne Wegmann, Terriberr, Carroll & Yancey, New Orleans, LA, for Defendant–Appellant.

Before GARWOOD, DAVIS and STEWART, Circuit Judges.

GARWOOD, Circuit Judge:

Having considered the briefs, argument of counsel, and relevant portions of the record, this Court concludes that the judgment of the district court is correct. We are generally in agreement with the reasoning of the district court as stated in its January 9, 1996, ruling on motion for summary judgment, copy of which is attached hereto. Further, the district court did not abuse its discretion in determining to award attorney's fees under 29 U.S.C. § 1132(g)(1) nor in fixing the amount thereof. Plaintiff-appellee has also moved for award of attorney's fees under section 1132(g)(1) for services in this appeal, and we find that such award is appropriate and that the proper amount to be so awarded appellee is $5,000.

Accordingly, the judgment of the district court is AFFIRMED, and appellee is additionally awarded $5,000 as attorney's fees on appeal.

ATTACHMENT

United States District Court

Eastern District of Louisiana

Olivia Moses Bailey

v.

Board of Trustees of the New Orleans Steamship Ass'n/International long-shoremen's Ass'n, AFL–CIO Pension Trust Fund

Civil Action No. 95–2091

*RULING ON MOTION FOR SUMMARY JUDGMENT*

LIVAUDAIS, District Judge.

Before the Court is the motion for summary judgement of the plaintiff, Olivia Moses

Bailey. Plaintiff brought this declaratory judgment action seeking a determination that the April 19, 1995 Order of the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, in the proceeding entitled Succession of Herman Bailey, No. 410–944, Div. "E", is a Qualified Domestic Relations Order ("QDRO") as defined by 29 U.S.C.A. § 1056(d)(3). Defendants, the Board of Trustees of the New Orleans Steamship Association, the International Longshoremen's Association, and AFL–CIO Pension Trust Fund, oppose the motion.

By order issued December 12, 1995, the Court deferred ruling on this matter and requested information on the actuarial value of the benefits and the effect of the QDRO on this value. The plaintiff supplied the requested information by memorandum on December 18, 1995.

*FACTS:*

The facts of the case are uncontested. Olivia Bailey (Olivia) married Herman Bailey on May 29, 1947. In 1950, Mr. Bailey became employed in the New Orleans area longshoremen's industry, where he remained employed until his retirement in 1988. On November 17, 1972, Herman and Olivia divorced. Herman subsequently married Vivian Marie Bailey, to whom he remained married until his death on December 28, 1990.

Upon his retirement in 1988 Mr. Bailey had thirty-seven years of creditable service in the New Orleans area longshoremen's industry. He became a qualified pensioner under the Pension Plan and received retirement benefits from the Pension Plan in the amount of $1023.00 per month from May 1, 1989 until his death on December 28, 1990. After his death, Vivian Bailey began receiving survivor benefits from the Pension Plan in the amount of $524.00 per month commencing in January 1, 1991, increasing to $565.92 per month effective September 1, 1994. Olivia Bailey has never received payment of any retirement or survivor benefits from the Pension Plan, nor has she ever received any portion of any retirement or survivor benefits paid to Herman Bailey or to Vivian Bailey.

On April 19, 1995, Natalie Bailey Dauphin, Administratrix of the Succession of Herman Bailey, filed a Petition for Qualified Domestic Relations Order in the proceeding entitled Succession of Herman Bailey, No. 410–944, Div. "E", on the docket of the Twenty-Fourth Judicial District Court for the Parish of Jefferson. In the petition, petitioner Natalie Dauphin, intervenor Olivia Bailey, and intervenor Vivian Bailey jointly prayed for the issuance of a QDRO pursuant to § 414(p) of the Internal Revenue Code, 26 U.S.C.A. § 414(p), in full settlement and satisfaction of all community property interest in any and all past, present, and future benefits and other rights, benefits, assets and interests in the Pension Plan as it relates to the Succession of Herman Bailey.

On the same day, April 19, 1995, the state court issued a "Qualified Domestic Relations Order" ("the Order") ordering that effective May 1, 1995, Olivia Bailey shall be designated as an alternate payee of pension benefits under the Pension Plan. The Order states that it "relates to the provision of marital property rights pursuant to Louisiana community property law and is intended to be a Qualified Domestic Relations Order as defined in § 414(p) of the Internal Revenue Code, 26 U.S.C.A. § 414(p)". The Order further provides that "[a]ll rights of the Alternate Payee in the Pension Plan shall be subject to the conditions, restrictions, limitations, and requirements applicable to a qualified surviving spouse as provided by the Pension Plan as it may be amended from time to time". The order was approved as to form and content by attorneys for both Vivian Bailey and Olivia Bailey.

Counsel for Olivia Bailey forwarded a certified copy of the Order to the Pension Plan on April 19, 1995. On May 15, 1995, the Pension Plan responded with a letter stating that in the opinion of counsel for the Plan, the Order was not a QDRO. In subsequent correspondence, both sides affirmed their positions. Plaintiff then filed this suit on June 28, 1995, praying for a judgment declaring that the Order is a QDRO as defined in 26 U.S.C.A. § 414(p) and 29 U.S.C.A. § 1056(d) and awarding Olivia Bailey costs and attorney fees.

*DISCUSSION:*

As both parties agree to the facts, the sole issues before the Court are (1) if the Order

meets the statutory requirements of a Qualified Domestic Relations Order, and (2) if so, if the plaintiff is entitled to an award of attorney's fees and expenses. For the following reasons, the court answers both questions in the affirmative.[1]

The Pension Plan at issue here is governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C.A. § 1001, et seq. Normally, ERISA precludes the assignment or alienation of benefits under a plan, 29 U.S.C.A. § 1056(d)(1), however, the statute includes an exception that the above restriction shall not apply if the assignment is made pursuant to a "Qualified Domestic Relations Order", a QDRO. 29 U.S.C.A. § 1056(d)(3)(A).

For the purposes of this section, a QDRO is defined in the statute as any order, judgment, or decree that creates or recognizes the existence of an alternate payee's right to receive all or a portion of the benefits payable with respect to a participant under the plan which relates to the provision of child support, alimony payments or marital property rights to a spouse, former spouse, child or other dependant of a participant pursuant to a State domestic relations law (including a community property law). 29 U.S.C.A. § 1056(d)(3)(B)(i) & (ii).

The order in the present case clearly fits within this definition. Specifically, it is an order which relates to the recognition of an alternate payee of a portion of the benefits related to the marital property right of a former spouse pursuant to the Louisiana community property law. Under Louisiana law, Olivia Bailey is vested with a present undivided one-half interest in the portion of the pension plan vested during the time of her marriage to Herman Bailey. See *Boggs v. Boggs,* 849 F.Supp 462, 464 (E.D.La.1994), citing *T.L. James & Co. v. Montgomery,* 332 So.2d 834 (La.1976). This right is purely

based on the application of Louisiana's community property statutes and therefore fits directly under the provisions of ERISA. Additionally, Olivia Bailey is an "alternate payee" as defined in ERISA, 29 U.S.C.A. § 1056(d)(3)(K) as she is a former spouse who was married to the participant for more than one year. 29 U.S.C.A. § 1056(d)(3)(F).

An Order must also meet the requirement of 29 U.S.C.A. § 1056(d)(3)(C) & (D) to be considered a QDRO. The defendant argues that the Order is defective in that it (1) does not specify the exact amount to be paid to Olivia Bailey in violation of 29 U.S.C.A. § 1056(d)(3)(C)(ii), and (2) may require the Plan to pay extra benefits in violation of § 1056(d)(3)(D)(ii).

As to the first claim, the defendants have misread the Order. The Order specifies that the "Alternate Payee shall receive pension benefits from the Pension Plan effective May 1, 1995, to be calculated, valued and divided as of that date in the sum of TWO HUNDRED THIRTY–EIGHT AND 69/100 DOLLARS ($238.69) per month until the death of the Alternate Payee." (Plaintiff's Ex. # 6, Para. A). In the defendant's brief, the word "and" was inserted just preceding the dollar amount, thus drastically changing the meaning of the Order. Absent this misreading, the Order states exactly the amount to be paid to the alternate payee, $238.69 per month.

As to the second claim, upon request of the Court, the parties provided evidence on the actuarial value of the plan both as solely paid to Vivian Bailey, and with Olivia Bailey as an alternate payee. Under ERISA, the Order would not be a QDRO if it requires the plan to provide increased benefits as determined on the basis of actuarial value. 29 U.S.C.A. § 1056(d)(3)(D)(ii). However, under the evidence submitted by the plaintiff, and not contested by the defendants, the Order would not increase the actuarial value of the

---

**1.** The Pension Plan first argues that the plaintiff has no direct claim to the annuity but rather that she is merely seeking an accounting against Vivian Bailey and thus the Order cannot be a QDRO as the plaintiff has no claim for alimony, child support, or marital property rights against Vivian. However, the ERISA statute states that persons who are alternate payees under a QDRO shall be considered for a beneficiary of the plan

under 29 U.S.C.A. § 1056(d)(3)(J). Additionally, a civil action may be brought by a beneficiary to enforce rights granted by ERISA. 29 U.S.C.A. § 1132(a). See *Stephen Allen Lynn Profit Sharing v. S.A. Lynn P.C.,* 25 F.3d 280, 282 (5th Cir. 1994). As the claim of Mrs. Bailey is that she is an alternate payee under a valid QDRO, she clearly does have a claim against the Pension Plan directly under the provisions of ERISA.

benefits to be paid by the Plan, in fact the actuarial values are decreased under the Order as Olivia Bailey's life expectancy (18.3 years) is shorter than Vivian's (21 years). Specifically, without the Order, the value of the benefits to be paid to Vivian Bailey alone total $170,195.20, whereas the value of the benefits to both Vivian Bailey and Olivia Bailey under the Order is $162,461.64.

The defendants' claim that the order may in fact require the trustee to pay more in benefits than they would be required to without it is not meaningful. As stated above, the Order does not have the effect of increasing the actuarial value of the benefits, and this is all that is required by the statute. The fact that under some conceivable circumstances the benefits may, in reality, be increased under the QDRO is not meaningful as the statute only inquires into the actuarial value.

Since the Order meets all the statutory requirements of ERISA of a Qualified Domestic Relations Order, it is effective under the statute to except the division of benefits from the restrictions of § 1056(d)(1) on alienability of benefits.

Defendant maintains that, even if the Order is determined to be a QDRO, plaintiff is not entitled to costs and attorney's fees, and that the affidavits submitted are insufficient to support the amount of costs and fees requested.

As stated above, a person designated an alternate payee by a QDRO is considered a beneficiary under the provisions of ERISA, 29 U.S.C.A. § 1056(d)(3)(J), and is entitled to reasonable attorney's fees at the Court's discretion. 29 U.S.C.A. § 1132(g)(1). Since the Order has met the requirements of the statute for a QDRO, the plaintiff is entitled this remedy. However, the affidavits and invoices submitted are insufficient evidence for the court to make this award without an evidentiary hearing.

Accordingly,

**IT IS HEREBY ORDERED,** that the plaintiff's motion for summary judgment is **GRANTED** in that the April 19, 1995 Order of the Twenty–Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, in the proceeding entitled Succession of Herman Bailey, No. 410–944, Div. "E", satisfied the requirements for a Qualified Domestic Relations Order ("QDRO") as defined by 29 U.S.C.A. § 1056(d)(3).

**IT IS FURTHER ORDERED** that the plaintiff is entitled to reasonable attorney's fees and costs for this action and that a evidentiary hearing is set for *Thursday, February 8, 1996, at 9:30 a.m.* Counsel for defendant are requested to outline those items deemed reasonable in the time sheets submitted by plaintiff's counsel.

New Orleans, Louisiana, January 9, 1996.